IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| BARTLEY A MAHEU | * | |
| RENEE P MAHEU | | |
| | * | |
| Plaintiffs, | | |
| v. | * | Case No. 1:12-cv-00508-ELH |
| | | |
| BANK OF AMERICA, N.A. | * | |
| & FANNIE MAE | | |
| | * | |
| Defendants. | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS BANK OF AMERICA, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association[1] ("Fannie Mae") (collectively "Defendants"), by and through their undersigned attorney, respectfully submit their memorandum in support of their Motion to Dismiss Plaintiffs Bartley A. Maheu and Renee P. Maheu's ("Plaintiffs") Complaint ("Complaint") pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure and state as follows in support thereof:

**STATEMENT OF THE ALLEGED FACTS[2]**

Plaintiffs bring this action in an attempt to either delay or avoid a proper foreclosure on their home.  Plaintiffs filed their Complaint on January 3, 2012 against Defendants.[3]  In their

---

[1] The Complaint names "Fannie Mae" as a defendant.  There is no known legal entity by that name.  Defendants assume that Plaintiffs meant to name Federal National Mortgage Association, commonly known as "Fannie Mae," as the proper defendant.

[2] The facts are taken as true for the purposes of this motion only.

1

Complaint, Plaintiffs make several unsubstantiated allegations against Defendants and state many legally erroneous conclusions.  Throughout their Complaint, Plaintiffs fail to make a single allegation which would give rise to a cause of action against Defendants.

Plaintiffs assert that they entered into a loan transaction with George Mason Mortgage, LLC, on or about December 22, 2005, to purchase the property located at 13605 Skyview Terrace Ct., Mount Airy, Maryland 21771 (the "Property").  (Compl. ¶¶ 9-10).  Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the nominee for the lender in the Deed of Trust and possessed the right to exercise all rights of the lender.  *Id.*; *see also* Deed of Trust ("DOT") at 2, attached hereto as **Exhibit A**.[4]  Plaintiffs then skip ahead to October 3, 2011, at which time they claim Defendants recorded an Assignment of Deed of Trust in the Frederick County land records which purportedly assigned the DOT from MERS to BANA.  (Compl. ¶ 12).  They allege that the instrument was signed by Swarupa Slee ("Slee"), who they claim is a "robo-signer" that has signed many such assignments "not having any firsthand knowledge of the contents."  *Id.*  Plaintiffs do not allege that Slee signed the assignment in this case without having firsthand knowledge.  Shortly thereafter, Plaintiffs allege they received a Notice of Intent to Foreclose naming BANA as the servicer for the loan and Fannie Mae as the owner of the loan.

---

[3] Plaintiffs refer to George Mason Mortgage, LLC as a defendant within the body of the Complaint.  (Compl. ¶ 7).  However, that entity is not named in the caption and Defendant is not aware of any service upon that entity.

[4] Given that the Deed of Trust is central to Plaintiffs' claim, it may be attached to this motion without converting it into a motion for summary judgment.  *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.1 (4th Cir. 2004) ("The court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed without converting the motion to dismiss into a motion for summary judgment.").  Further, the Court should take note that Plaintiffs have two loans secured by the Property, both executed on the same day.  Plaintiffs attach a Deed of Trust to the Complaint for a loan in the amount of $45,000, but this Deed of Trust represents the security interest for a second loan.  (Compl. Exhibit C).  However, Plaintiffs then make allegations relating to an assignment of a Deed of Trust securing a loan in the original amount of $360,000.  (Compl. Exhibit A.)  Upon information and belief, BANA does not service the $45,000 loan.  The loan that BANA currently services is Plaintiffs' first loan with a loan number of 103315797 and original principal balance of $360,000.  Thus, Defendants assume that Plaintiffs mistakenly attached the Deed of Trust for the $45,000 loan and that the current lawsuit is actually based upon the $360,000 loan since that is the only loan with which BANA is currently involved.  *See* attached **Exhibit A**, Deed of Trust for the loan in the amount of $360,000; **Exhibit B**, Deed of Trust for the loan in the amount of $45,000.

(Compl. ¶ 13).  Notably, Plaintiffs do not claim they were current on their loan payments at the time they received the Notice of Intent to Foreclose, and indeed concede that there was a default. (*See generally* Compl., Compl. ¶15)

Plaintiffs then launch into a series of legally irrelevant accusations.  First, they claim that "no document has been recorded in the land records of Frederick County, Maryland evidencing or attesting to the assignment of the loan from Bank of America, N.A. to Fannie Mae," although they acknowledge that BANA is the servicer of the loan.  (Compl. ¶¶ 14, 18).  Second, they assert that they contacted BANA and were advised that a loan modification was being "worked on."  (Compl. ¶ 15).  They claim that BANA has failed to respond to their attempts to obtain a loan modification.  (Compl. ¶ 18).  Finally, Plaintiffs make additional erroneous conclusory allegations regarding the validity of the Assignment of the Deed of Trust and language in the DOT which allegedly demonstrates that loan has been paid.  (Compl. ¶¶ 22, 36).

Plaintiffs assert three (3) causes of action based on the foregoing allegations as follows: (1) Mortgage Fraud: Maryland Real Property Code Ann. § 7-401, *et seq.*; (2) Declaratory Judgment; and (3) Injunctive Relief.  However, none of Plaintiffs' claims have any merit and should be dismissed with prejudice.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations

omitted).   Conclusory statements are not accepted as true.   *Id.*   Bare assertions, along with "unwarranted inferences, unreasonable conclusions, or arguments" will not be considered. *Wright v. Sutton,* 2011 U.S. Dist. LEXIS 34052, at *8 (S.D. W.Va. Mar. 29, 2011), attached hereto as **Appendix 1**; *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1951-52 (2009); *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n.26 (4th Cir. 2009).   Further, when considering a motion to dismiss, the Court is not required to accept the legal conclusions in a complaint, as those are questions of law for the Court to decide.   *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

A complaint fails to state a claim where it fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a).   *Id.*; *Twombly*, 550 U.S. at 555.   Rule 8(a)(2) provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   *See* Fed. R. Civ. P. 8(a).   The purpose of this standard is "to give fair notice to defendants of the claim or claims being asserted such that defendants are able to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies."   *Poblete v. Goldberg,* 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (citations omitted).   A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a).   To withstand a motion to dismiss, the factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level."   *Twombly,* 550 U.S. at 555 (citations omitted); *see also Iqbal,* 129 S. Ct. at 1949.   In addition, a complaint must be dismissed where the complaint fails to allege "with even modest particularity the dates and places of the alleged transactions."   *Poblete*, 680 F. Supp. 2d at 19.

The allegations in the complaint must "nudge the plaintiff's claims across the line from conceivable to plausible" and must allow the court to infer "more than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1952 (quotations omitted).   A claim that fails to state a *plausible* claim will not survive a motion to dismiss. *See id*. at 1950.

While the general rule for pleading pursuant to Federal Rule of Civil Procedure 8 is that the claim for relief must contain "a short and plain statement of the claim that the pleader is entitled to relief," certain claims require a heightened pleading standard.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).   Indeed, whenever a claim sounds in fraud because of allegations of deception, or failing to disclose facts or making misrepresentations, it is subject to the heightened pleading requirements of Rule 9(b).  Therefore, such a claim must be made with particularity, specifying the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted).

## ARGUMENT

## I.   PLAINTIFFS LACK STANDING TO ASSERT ANY CLAIM BASED ON "ROBO-SIGNING."

Plaintiffs base part of their mortgage fraud claim on "robo-signing" allegations.  (Compl. ¶ 21).   Additionally, although Plaintiffs do not specifically reference "robo-signing" in their declaratory judgment and injunctive relief claims, they do reference the "nullity" of the Assignment of the Deed of Trust, which is partially based on allegations of "robo-signing." (Compl. ¶¶ 26, 43).  Any claim based upon the allegation that Slee, Assistant Secretary of MERS, is a "robo-signer" is completely meritless as Plaintiffs lack standing to challenge the activity of a non-party to the suit.  For a party to have standing, it must have suffered an injury

that "is fairly traceable to the defendant's alleged conduct."  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  In a case of "robo-signing," a plaintiff must allege facts which show a causal link between the actions of the defendant and any damages suffered as a result of the supposed "robo-signing."  *Casey v. Litton Loan Servicing*, 2012 U.S. Dist. LEXIS 18076, at *15 (D. Md. Feb. 14, 2012), attached hereto as **Appendix 2**.

In this case, Plaintiffs allege that Slee, an employee of MERS, and/or possibly of other entities not specifically named, may be a "robo-signer."[5]  (Compl. ¶¶ 12, 21).  However, Plaintiffs have not named MERS, nor any other entity with whom Slee is supposedly associated, as a party to the lawsuit.  Therefore, they lack standing to bring any claim based on alleged "robo-signing" by Slee.  *See Casey*, 2012 U.S. Dist. LEXIS 18076, at *14-15 (holding that plaintiffs lacked standing to allege "robo-signing" since the alleged "robo-signing" party was not a party to the lawsuit).  *See* **Appendix 2**.  Accordingly, this Court lacks subject matter jurisdiction over any claim based on alleged "robo-signing" by Slee.  *See Pitt County v. Hotels.com, L.P.*, 553 F.3d 308, 312 (4th Cir. 2009) (recognizing that a court may dismiss a claim for lack of subject matter jurisdiction where a plaintiff lacks standing to bring the claim).  For this reason, all three causes of action are faulty and must be dismissed with prejudice.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In the event that the Court finds that it does have subject matter jurisdiction over Plaintiffs' claims, all three claims still must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[5]  Plaintiffs claim that Slee may have "robo-signed" for "other entities like Countrywide."  (Compl. ¶ 21). "Countrywide" is not a known legal entity and in any event, Plaintiffs have not named any  Countrywide entity as a defendant.

A.      **Plaintiffs Fail to State a Claim for Mortgage Fraud.**

Plaintiffs' claim for mortgage fraud is based on Maryland Real Property Code § 7-401, *et seq.*   Plaintiffs make three basic allegations to support their mortgage fraud claim.   First, Plaintiffs claim that Slee, the "robo-signer" "allegedly signed dozens of documents" and there is "no evidence that she had firsthand knowledge about what she is signing."   (Compl. ¶ 21). Second, Plaintiffs claim that "[i]t is not known and/or designated in the Assignment of Deed of Trust" that it was prepared under the supervision of an attorney admitted before the Court of Appeals of Maryland.   (Compl. ¶ 22).   Third, Plaintiffs claim that there is no assignment in the land records to evidence that Fannie Mae is a secured party, thus Fannie Mae somehow is not a secured party.   (Compl. ¶ 23).   These three allegations supposedly amount to mortgage fraud in violation of Maryland law, yet, none of these allegations are sufficient to allege a cause of action for mortgage fraud.

Plaintiffs bring their claim under Maryland Real Property Code §§ 7-401(6) and 7-402. Section 7-401(6) defines mortgage fraud as

> [A]ny action by a person made with the intent to defraud that involves:   (6) [f]iling or causing to be filed in the land records in the county where a residential real property is located, any document relating to a mortgage loan that the person knows to contain a deliberate misstatement, misrepresentation, or omission.

Md. Real Prop. Code Ann. § 7-401(6).   Section 7-402 simply states that mortgage fraud is prohibited.   Md. Real Prop. Code Ann. § 7-402.   Additionally, since this allegation is one based in fraud, it must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).   *See Stovall v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 106137, at *28 (D. Md. Sept. 20, 2011), attached hereto as **Appendix 3,** (recognizing that claims of mortgage fraud under Maryland Real Property Code § 7-401, *et. seq.*, are subject to the heightened pleading requirement of Rule 9(b));

*see also Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) ("The requirements of Rule 9(b) apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.") (citation omitted).   To meet the heightened pleading requirement, Plaintiffs must plead the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Harrison*, 176 F.3d at 784.

    **1.**  **Plaintiffs' "robo-signing" allegations are inapplicable to Defendants.**

Plaintiffs' allegations relating to Slee, Assistant Secretary of MERS, as a "robo-signer" fail to state a claim for mortgage fraud.  (Compl. ¶¶ 12, 21).  As an initial matter, it should be noted that Plaintiffs do not allege that Slee actually "robo-signed" in this case, but rather that she had done it in other cases.  They also do not allege that she knowingly "robo-signed" or did so with intent to defraud, which would be required to plead a mortgage fraud claim.  *See* Md. Real Prop. Code Ann. § 7-401(6).   Further, Plaintiffs do not allege that Slee is an employee of Defendants nor do they state any reason why Defendants should be held liable for Slee's conduct.   Accordingly, these allegations are meritless and Plaintiffs fail to even meet the plausibility standard under *Twombley*, much less satisfy Rule 9(b).  *See Casey*, 2012 U.S. Dist. LEXIS 18076, at *15-16 (holding that, in addition to lack of standing, plaintiffs had failed state a cause of action for mortgage fraud based on "robo-signing" when the defendant did not participate in the alleged "robo-signing"), *see* **Appendix 2**; *see also Sohal v. Federal Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 97355, at *14 (N.D. Cal. Aug. 30, 2011), attached hereto as **Appendix 4,** (holding that, since plaintiffs had failed to state the basis on which their "robo-signing" allegations were founded, any claim based on such allegations must be dismissed).

      **2.**      **Plaintiffs allegations regarding a faulty recordation of the Assignment of the Deed of Trust are legally erroneous.**

Plaintiffs somehow tie their mortgage fraud claim to allegations that the Assignment of the Deed of Trust does not designate that it was prepared under the supervision of an attorney admitted to practice before the Maryland Court of Appeals.  (Compl. ¶ 22).  Plaintiffs do not cite the rule to which they are referring, but Defendants assume they are referring to Maryland Real Property Code § 104(f)(1) which states

> "[n]o deed, mortgage, or deed of trust may be recorded unless it bears the certification of an attorney at law that the instrument has been prepared by an attorney or under an attorney's supervision, or a certification that the instrument was prepared by one of the parties named in the instrument."

Md. Real Prop. Code Ann. § 3-104(f)(1).  Plaintiffs do not state how their allegations related to this statute concern mortgage fraud or that the Assignment of the Deed of Trust was knowingly filed with a false statement or with intent to defraud.  *See* Md. Real Prop. Code Ann. § 7-401(6).  Accordingly, Plaintiffs fail to meet the Rule 9(b) pleading standard.  Further, Plaintiffs mistake the effect of this statute and the scheme in which it exists.

The statute cited by Plaintiffs is part of Maryland's statutory scheme for the recordation of instruments affecting real property.  Maryland law requires that a deed affecting an interest in land above a term of seven years be recorded in order to provide constructive notice to subsequent mortgagees or purchasers from the original parties to the instrument.  Md. Real Prop. Code Ann. §§ 3-101, 3-102; *see also Ivrey v. Karr*, 182 Md. 463, 473, 34 A.2d 847, 852 (1943).  An assignment of a deed of trust may be recorded to provide such notice.  Md. Real Prop. Code Ann. § 3-102; *see also* Recording – Instrument Purporting to Affect an "Assignment" of a Deed of Trust May be Recorded, 63 Op. Atty. Gen. Md. 87 (1978).  However, the fact that an

instrument is not recorded does not affect its validity as between the parties to the assignment or third persons with actual notice of such assignment.  Md. Real Prop. Code Ann. § 3-101(d). Further, if a deed, mortgage, or deed of trust is recorded without the required certification of an attorney licensed to practice before the Maryland Court of Appeals, such a defect does not affect the validity of the instrument.  *See Frank v. Storer*, 308 Md. 194, 206-07, 517 A.2d 1098, 1104 (1986).

Plaintiffs' allegation relating to section 3-104(f)(1) of the Maryland Real Property Code is legally erroneous.  First, and perhaps most simply, section 3-104(f)(1) does not require assignments of deeds of trust to bear an attorney's certification, but only "deed[s], mortgage[s], or deed[s] of trust."  Md. Real Prop. Code Ann. § 3-104 (f)(1).  Even if that statute did apply to assignments of deeds of trust, the lack of an attorney's certification does not affect the validity of the instrument if accepted by the recording clerk, as was done in this case.  *Frank*, 308 Md. At 206-07, 517 A.2d at 1104.  Second, the recording statute does not require the Assignment of the Deed of Trust to be recorded to be valid, but simply allows for such an instrument to be recorded.  *See* Md. Real Prop. Code Ann. § 3-102.  Therefore, since the Assignment of the Deed of Trust is not required to be recorded, any defective recordation does not affect the validity of such an instrument.  Finally, even if the Assignment of the Deed of Trust was defectively recorded, it would still be effective as to Plaintiffs because they are not subsequent purchasers or mortgagees who claim to have no actual notice of the assignment.  Md. Real Prop. Code Ann. § 3-101(d).

For the foregoing reasons, Plaintiffs' allegation based on section 3-104 of the Maryland Real Property Code is erroneous and inapplicable to their mortgage fraud claim.

**3.    Plaintiffs fail to explain how their allegation that Fannie Mae is not a "secured party" implicates the mortgage fraud statute.**

Plaintiffs claim that Fannie Mae's status as a "secured party" is a legal nullity and this allegation somehow relates to mortgage fraud.  (Compl. ¶ 23).  Plaintiffs fail to explain how this allegation concerns "[f]iling or causing to be filed in the land records in the county where a residential real property is located, any document relating to a mortgage loan that the person knows to contain a deliberate misstatement, misrepresentation, or omission."  Md. Real Prop. Code Ann. § 7-401(6)."  In fact, Plaintiff is claiming the absence of a document in the land records which, by definition, cannot fit into the above description of mortgage fraud.  (Compl. ¶ 23).  Therefore, Plaintiffs have completely failed to plead mortgage fraud as a result of this allegation, much less met the Rule 9(b) standard.  For this reason alone, this allegation should be ignored and Plaintiffs' mortgage fraud claim dismissed.  However, out of an abundance of caution, Defendants will briefly address the claim that Plaintiffs are attempting to make.

Plaintiffs claim that, since no assignment evidencing Fannie Mae as a secured party is recorded in the land records, they are not a secured party.  (Compl. ¶ 23).  However, Plaintiffs recognize that Fannie Mae was sold the "loan," meaning they were sold the rights to collect payments under the promissory note (the "Note").  (Compl. ¶ 14). Moreover, there is no requirement under Maryland law that the sale or transfer of a note be recorded.  *Cf. Horvath v. Bank of New York*, 641 F.3d 617, 625-26 (4th Cir. 2011) (rejecting this claim under Virginia law).  BANA is the servicer of the loan and was properly assigned the DOT by MERS, who had the right as nominee and agent of the original lender to make such assignment.  *See* DOT at 2, **Exhibit A**; (Compl. Exhibit A); *see also Suss v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 68777, at * 13 (D. Md. July 9, 2010), attached hereto as **Appendix 5,** ("As to Plaintiff's criticism of MERS, courts that have considered the issue have found that the system of

recordation is proper and assignments made through that system are valid.") (collecting cases from multiple jurisdictions). Thus, by being assigned the DOT from MERS, BANA stands in MERS' position.

In fact, numerous federal and state courts, including those within this circuit, have recognized that BANA, as servicer and assignee of the DOT, may enforce the Note as an agent of the holder of the Note, Fannie Mae.  (*See* Compl. ¶ 18); *see also CWCapital Asset Mgmt., LLC v. Chi. Props., LLC,* 610 F.3d 497, 500-01 (7th Cir. 2010) (noting that because a servicer receives a percentage of the proceeds on a defaulted loan, it has standing to enforce the secured loan); *Greer et al. v. O'Dell*; 305 F.3d 1297, 1302 (11th Cir 2002) ("A servicer is a party in interest in proceedings involving loans which it services."); *In re Woodberry*, 383 B.R. 373, 379 (D. S.C. 2008) ("It seems the better view that a loan servicer, with the contractual duty to collect payments and foreclose mortgages in the event of default, has standing to move for relief from stay in the Bankruptcy Court."); *Ocwen Loan Servicing, LLC v. Williams*, 741 N.W.2d 474, 476, 481 (Wis. Ct. App. 2007) (involving a situation where the loan servicer foreclosed on the mortgage and the court recognized the servicer's interest in the action); *In re Miller*, 320 B.R. 203, 206 (Bankr. N.D. Ala. 2005) (stating that the servicer of the loan may litigate the issue of relief from an automatic stay in Bankruptcy Court).  Since, as courts recognize, BANA is the agent of Fannie Mae and BANA holds the DOT, Fannie Mae is a secured party through its relationship with BANA.  Accordingly, Plaintiffs' claim that Fannie Mae is not a secured party is incorrect.

For the foregoing reasons, the Court should dismiss Plaintiffs' mortgage fraud claim for failure to state a claim upon which relief may be granted.

**B.**     **Plaintiffs Fail to State Claims for Declaratory Judgment and Injunctive Relief.**

Given that Plaintiffs base their claims for declaratory judgment and injunctive relief off of similar allegations, those claims will be addressed together.   Plaintiffs cite a variety of erroneous grounds for the Court to award them a declaratory judgment that Defendants have no right to foreclose and injunctive relief.  First, Plaintiffs allege that the faulty Assignment of Deed of Trust and "broken chain of endorsement" entitle them to such relief.  (Compl. ¶¶ 26-27, 43). This theory has already been debunked in the discussion above and accordingly, cannot serve as the basis for a declaratory judgment or injunctive relief.  *See, supra* Argument § II.A.  Second, Plaintiffs assert that BANA has violated the Home Affordability Modification Program ("HAMP") by allegedly refusing to consider Plaintiffs for a loan modification.  (Compl. ¶¶ 28-32).  Third, Plaintiffs allude to "[o]ther equitable and legal grounds" relating to the doctrine of unclean hands, failure to mitigate loses, and a fallacious argument that the Note has already been paid.  (Compl. ¶¶ 33-37).  None of these theories has any legal merit and as such, these claims must be dismissed with prejudice.

**1.**     **Plaintiffs have no right to a declaratory judgment.**

A claim for declaratory judgment is not a separate cause of action, but rather a form of relief.  *See Walpin v. Corp. for Nat'l, & Cmty. Serv.*, 718 F. Supp. 2d 18, 24 (D.D.C. 2010) (citation omitted).  Thus, Plaintiffs wrongfully include it as a separate cause of action and accordingly, it must be dismissed.  However, even were Plaintiffs to plead it as a form of relief it would still fail.   Declaratory relief exists only "if 'a judicially remediable right' already exists." *Id.* (quotation omitted).  As explained more fully both above and below, Plaintiffs have no "judicially remediable right" and therefore, are not entitled to declaratory relief.  *See, supra* Argument § II.A; *See, infra* Argument §§ II.B.1.a-b.

a.      **Plaintiffs possess no private right of action under HAMP.**

Plaintiffs claim that BANA violated HAMP by refusing to evaluate them for a loan modification.  (Compl. ¶¶ 28-32).  However, numerous courts, including those within this circuit, have recognized that plaintiffs have no express or implied private right of action under HAMP.  *See Allen v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 86077, at *11 (D. Md. Aug. 4, 2011), attached hereto as **Appendix 6**; *Acuna v. Chase Home Fin., LLC*, 2011 U.S. Dist. LEXIS 52971, at *4-5 (E.D. Va. May 17, 2011), attached hereto as **Appendix 7**; *Bourdelais v. J.P. Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 35507, at *3 (E.D. Va. Apr. 1, 2011), attached hereto as **Appendix 8**.  Therefore, Plaintiffs have no "judicially remediable right" under HAMP and the HAMP allegations cannot form the basis of any declaratory relief.  *See Walpin*, 718 F. Supp. 2d at 24.

b.      **Plaintiffs' "other legal and equitable grounds" also fail as a matter of law.**

Plaintiffs make conclusory allegations that Defendants have "unclean hands" and that they "failed to engage in any effort to mitigate against losses suffered as a result of Plaintiff's default[.]"  (Compl. ¶¶ 33-34).  Plaintiffs offer absolutely no facts to support these allegations and consequently fail to meet the *Twombly* pleading standard.  *See Twombly*, 550 U.S. at 555 (stating that conclusory statements are not accepted as true); *see also Wright,* 2011 U.S. Dist. LEXIS 34052, at *8 (indicating that bare assertions will not be considered by the court).  *See* **Appendix 1**.  Plaintiffs only other allegation relates to an erroneous argument that because the Note was sold from the original lender to Fannie Mae, it has been paid and should be returned to Plaintiffs marked "paid."  (Compl. ¶¶ 36-37).  Plaintiffs base this claim upon the paragraph of the DOT which states that "[u]pon payment of all sums secured by the Deed of Trust, Lender or Trustee shall release this Deed of Trust without charge to Borrower and mark the Note "paid"

14

and return to Borrower." (Compl. ¶ 36).[6] Plaintiffs simply fail to take into account Maryland law regarding negotiable instruments when reading paragraph twenty of the DOT.

Presumably, Plaintiffs' claim is that when a promissory note is sold, assigned, or transferred by the original lender, then this transfer somehow pays the debt of the borrower and the borrower is no longer liable under the promissory note. However, that theory is legally incorrect. A promissory note is a negotiable instrument under Maryland law, unless it contains a statement which indicates that it is non-negotiable. Md. Com. Law Code Ann. § 3-104. A negotiable instrument may be sold, assigned, or transferred to another party. Md. Com. Law. Code Ann. §§ 3-201, 3-203. When the negotiable instrument is transferred, the transferee receives the right to enforce the instrument. Md. Com. Law Code Ann. § 3-203; *see also Anderson v. Burson*, 2011 Md. LEXIS 777, at *25 (Md. Dec. 20, 2011), attached hereto as **Appendix 9,** (stating that when a negotiable instrument is transferred, the transferee gains the right to enforce the instrument). In the case of a promissory note, the transferee receives the right to collect payments under the promissory note and exercise other rights as the holder of the promissory note. *See* Md. Com. Law Code Ann. §§ 2-301, 2-302.

In this case, Plaintiff points to no language in the Note which would suggest that it was not a negotiable instrument. Md. Com. Law Code Ann. § 3-104. As it is a negotiable instrument, when it was transferred to Fannie Mae, Fannie Mae received the right to enforce it and did not pay off the loan of Plaintiffs. *See* Md. Com. Law Code Ann. §§ 2-203, 2-301, 2-302. Therefore, when considering Maryland law regarding negotiable instruments, paragraph twenty of the DOT simply means that when the borrower pays off the loan, then the Note must be

---

[6] Plaintiffs reference this paragraph as paragraph twenty of the DOT that they attach as Exhibit C. Since Defendants believe that Plaintiffs are suing over a different loan, the Court should note that a similar paragraph appears at paragraph twenty-three of the DOT which Defendants attach. *See* DOT ¶ 23, **Exhibit A.**

returned as "paid."  It does not mean that when the Note is sold or transferred to another entity, the borrower is entitled to have the Note returned as "paid."  The sale or transfer of a note from one lender to another does not affect payment from the borrower as such a notion would lead to the absurd result that whenever a note is sold, the borrower would never have to pay a debt that he lawfully incurred.  *See* Md. Com. Law Code Ann. § 3-203 (stating that transfer of the instrument occurs when it is delivered to another person and that person becomes holder of the instrument and is entitled to enforce it).  As such, Plaintiffs' claim is incorrect, which means that Plaintiffs have no "judicially remedial right" and, therefore, are not entitled to declaratory relief. *See Walpin*, 718 F. Supp. 2d at 24.

For the foregoing reasons, the Court should deny Plaintiffs' request for declaratory relief and/or dismiss Plaintiffs' claim for declaratory judgment with prejudice.

### 2.    Plaintiffs are not entitled to injunctive relief.

Plaintiffs essentially base their injunctive relief claim on the alleged "broken chain of endorsement and faulty Assignment of the Deed of Trust."  (Compl. ¶ 43).  Plaintiffs claim that they are threatened with irreparable harm and will have a strong likelihood of success on the merits.  (Compl. ¶¶ 40, 42).  They ask the Court for a temporary restraining order and preliminary and permanent injunctions.  (Compl. ¶ 41).  As demonstrated below, Plaintiffs are entitled to no such relief and this claim must be dismissed with prejudice.

First, since Defendants have been given notice of the request for a temporary restraining order, the procedures and standards are the same as for a preliminary injunction.  *Accela, Inc. v. S.C. Dep't of Labor*, 2011 U.S. Dist. LEXIS 148899, at *13 n. 7 (D. S.C. Dec. 28, 2011), attached hereto as **Appendix 10**.  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Dewhurst v.*

*Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  To obtain a preliminary injunction, a plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm if an injunction is not granted; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction serves the public interest.  *See W. Va. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009).  The standard for a permanent injunction is essentially the same, except that it requires actual success on the merits instead of a likelihood of success.  *See Amoco Prod. Co. v. Gambell*, 450 U.S. 531, 546 n.12 (1987).

Plaintiffs' request for injunctive relief must fail for two reasons.  First, they fail to demonstrate a likelihood of success on the merits.  As explained throughout this brief, none of Plaintiffs' claims have any merit whatsoever.  *See, supra* Argument §§ II.A-B.1.  Specifically, with regard to Plaintiffs' "broken chain of title" and faulty Assignment of the Deed of Trust arguments, Plaintiffs have utterly failed to demonstrate that those theories should even survive this motion to dismiss.  *See, supra* Argument § II.A.  As Plaintiffs' cannot demonstrate a likelihood of success on the merits, their claim for injunctive relief must be dismissed.

Second, Plaintiffs fail to show that the issuing of an injunction would serve the public interest.  The consideration of the public interest is particularly important as a way for the Court to consider whether injunctive relief would be the best enforcement mechanism.  *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 498 (2001).  This dispute involves private parties and Plaintiffs have not pled how the public interest is implicated in this dispute.  In fact, the public interest likely cuts against Plaintiff in this case as it is in the public interest that ones debts are paid.  *See Sen. Hous. Alt., Inc. v. Bernard Glob. Loan Invest., Ltd.,* 2011 Tenn. App. LEXIS 346 at *13 (Tenn. Ct. App. 2011), attached hereto as **Appendix 11**.  Therefore, Plaintiffs

have failed to plead a necessary element of injunctive relief which would show that such relief would be the best enforcement mechanism in this case.  *See Iqbal,* 129 S. Ct. at 1950 (explaining that a plaintiff's claims must be plausible to survive a motion to dismiss); *Oakland Cannabis*, 532 U.S. at 498.  Accordingly, as Plaintiffs' do not properly plead at least two elements of a claim for injunctive relief, such claim must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this Court should dismiss with prejudice all counts in Plaintiffs' Complaint and award Defendants any further relief that the Court deems appropriate.


Date:   February 24th, 2012                    Respectfully submitted,



_____/s/_____
Nina Basu
**MCGUIREWOODS LLP**
7 St. Paul Street, Suite 1000
Baltimore, MD 21202
Telephone:      (410) 659-4514
Facsimile:      (410) 659-4471
E- Mail:        nbasu@mcguirewoods.com

***Counsel for Defendants Bank of America, N.A.***
***and Federal National Mortgage Association***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February 2012, a copy of the foregoing Memorandum in Support of the Motion to Dismiss and Proposed Order were sent by first class mail, postage prepaid, to the following:

>Bartley A. Maheu
>Renee P. Maheu
>13605 Skyview Terrace Court
>Mount Airy, Maryland 21771
>*Pro Se Plaintiffs*

>_____/s/_____
>Nina Basu